## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAMERON ANDERSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ERIC J. HOUSTON, Deputy Sheriff;<br>BARRY L. HUNTINGTON; SEAN D.<br>REYES, Attorney General; MARIAN<br>DECKER, Assistant Attorney General;<br>GARFIELD COUNTY, and STATE OF<br>UTAH,<br><br>　　　　　Defendants. | **REPORT AND RECOMMENDATION:**<br>**STATE OF UTAH DEFENDANTS'**<br>**MOTION TO DISMISS (ECF NO. 10) AND**<br>**COMPLAINT (ECF NO. 4)**<br><br>Case No.  2:16-cv-00924-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Cameron Anderson, proceeding in forma pauperis, filed the

Complaint in this matter in September 2016.[1]  On August 7, 2017, Defendants Sean D.

Reyes, Attorney General of Utah, Marian Decker, Assistant Attorney General of Utah,

and the State of Utah ("State Defendants") filed a motion to dismiss the claims

asserted against them.  (Mot. to Dismiss, ECF No. 10.)  Mr. Anderson did not oppose

the motion to dismiss.  Furthermore, the undersigned reviews the claims asserted

against Defendants Eric J. Houston, Garfield County Deputy Sheriff, Barry L.

Huntington, Garfield County Attorney, and Garfield County ("County Defendants")

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as well as Mr. Anderson's claim for habeas

relief seeking reversal of his conviction pursuant to Rule 4 of the Rules Governing

---

[1] On September 26, 2016, the District Judge referred this case to the undersigned
Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)

Habeas Corpus Cases Under Section 2254.  For the reasons addressed below, the undersigned RECOMMENDS the District Judge dismiss Mr. Anderson's Complaint without prejudice.

## FACTUAL BACKGROUND

On September 12, 2016, the Court granted Mr. Anderson's request to proceed in forma pauperis in this matter.  (ECF No. 3.)  Mr. Anderson, a Washington resident, asserts claims under 28 U.S.C. § 1983 and § 1985 against the State Defendants (Sean D. Reyes, Marian Decker, and the State of Utah) and County Defendants (Eric J. Houston, Barry L. Huntington, and Garfield County) arising out of a 2011 traffic stop. (Compl. 1-3, ECF No. 4; Brief of Appellant, State v. Anderson, No. 20130511, ECF No. 4-1 at 30–32.)  Mr. Anderson also seeks reversal of his conviction for possessing a controlled substance and drug paraphernalia, which resulted from the traffic stop. (Compl. 6, ECF No. 4.)

Mr. Anderson's Complaint contains little detail, but the attachments to the Complaint—petitions, briefs, decisions and other filings from Mr. Anderson's state court case and appeals—reveal some facts concerning Mr. Anderson's claims.  Mr. Anderson's Complaint attaches his Petition for Writ of Certiorari in the United States Supreme Court, Anderson v. Utah, No. 15A808 (ECF No. 4-1 at 1–215), which includes the following appendices:  (1) Brief of Appellant (and exhibits) in the Utah Court of Appeals, State v. Anderson, No. 20130511 (id. at 24–75); (2) Brief of Appellee (and addenda) in the Utah Court of Appeals, State v. Anderson, No. 20130511 (id. at 77–199); (3) Utah Supreme Court decision, State v. Anderson, No. 20130511, 2015 UT 90 (id. at 202–212), and (4) Waiver of Preliminary Hearing in Garfield County District

Court, State v. Anderson, No. 111600101 (id. at 215).  In evaluating a complaint under Rule 12(b)(6), courts may look to exhibits attached to the complaint.  See Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).  Courts also may take judicial notice of publicly-filed records in other courts if the proceedings relate to case at hand. United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); St. Louis Baptist Temple v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")  The Court takes judicial notice of the attached records.

On the evening of December 23, 2011, Mr. Anderson traveled through Garfield County and pulled his car over to the side of the road and turned on his hazard lights. (State v. Anderson, 2015 UT 90, ¶ 3, 362 P.3d 1232, ECF No. 4-1 at 203; Br. of Appellee, ECF No. 4-1 at 85.)  Two Garfield County sheriff's deputies, including Deputy Houston, noticed Mr. Anderson's car and the flashing hazard lights and decided to check on the welfare of the vehicle's occupants given the hazard lights, cold weather, and late hour.  (State v. Anderson, 2015 UT 90, ¶ 3, ECF No. 4-1 at 203; Br. of Appellee, ECF No. 4-1 at 86.)  As the deputies pulled to the side of the road, they turned on their red and blue lights.  (Id.)  Deputy Houston approached the driver's side of the vehicle, asked Mr. Anderson if he was okay and if he needed any help. (Anderson, 2015 UT 90, ¶ 4, ECF No. 4-1 at 203; Brief of Appellee, ECF No. 4-1 at 87.)  Mr. Anderson's eyes appeared bloodshot, and Mr. Anderson could not identify in which direction he was traveling.  (Id.)  Deputy Houston suspected Mr. Anderson may have been under the influence of drugs or alcohol and asked him to step out of the

vehicle.  (Id.)  Mr. Anderson complied.  (Anderson, 2015 UT 90, ¶ 4, ECF No. 4-1 at 203; Br. of Appellee, ECF No. 4-1 at 87–88.)  Deputy Houston asked Mr. Anderson to empty his pockets, and he produced a pill bottle with a valid prescription.  (Anderson, 2015 UT 90, ¶ 4, ECF No. 4-1 at 203; Br. of Appellee, ECF No. 4-1 at 88.)  Mr. Anderson declined to perform a field sobriety test but consented to a blood draw for illegal substance testing.  (Id.)  Deputy Houston obtained a search warrant to draw Mr. Anderson's blood and search his car.  (Anderson, 2015 UT 90, ¶ 5, ECF No. 4-1 at 203; Br. of Appellee, ECF No. 4-1 at 88.)  Mr. Anderson's blood tested negative for any illegal substances, but a search of his car yielded marijuana and drug paraphernalia.  (Id.)

The State of Utah subsequently charged Mr. Anderson with possession of marijuana and drug paraphernalia.  (Anderson, 2015 UT 90, ¶ 6, ECF No. 4-1 at 203; Br. of Appellee, ECF No. 4-1 at 88.)  Before trial, Mr. Anderson moved to suppress the evidence obtained from his vehicle.  (Anderson, 2015 UT 90, ¶ 6, ECF No. 4-1 at 203; Br. of Appellee, ECF No. 4-1 at 88–89.)  The district court concluded the deputies seized Mr. Anderson when they pulled behind his vehicle with flashing lights but found the stop justified by the community caretaking doctrine and denied the motion to suppress.  (Anderson, 2015 UT 90, ¶ 6, ECF No. 4-1 at 203-4; Br. of Appellee, ECF No. 4-1 at 90–93.)

The jury found Mr. Anderson guilty.  (Anderson, 2015 UT 90, ¶ 7, ECF No. 4-1 at 204; Br. of Appellant, ECF No. 4-1 at 28–29.)  The district court sentenced Mr. Anderson to one year in jail and a $4,783.00 fine on each count.  (Br. of Appellant, ECF No. 4-1 at 28–30.)  The court entered a stay of imposition of that sentence and

placed Mr. Anderson on probation for twenty-four months and imposed a lower combined fine of $750.00.  (Id. at 30.)  The district court further ordered Mr. Anderson to make payments of $50.00 per month until he paid the fine in full and to serve ten days in the county jail.  (Id.)  Following imposition of this sentence, the district court granted Mr. Anderson's motion to stay pending appeal.  (Id.)

Mr. Anderson appealed his conviction, arguing the district court erred in denying the motion to suppress the evidence found in his vehicle.  (Anderson, 2015 UT 90, ¶ 7, ECF No. 4-1 at 204.)  The Utah Supreme Court affirmed Mr. Anderson's conviction, finding the deputies justifiably seized Mr. Anderson under the Fourth Amendment:

> Weighing the minimal interference with Mr. Anderson's freedom of movement occasioned by the deputies' brief seizure against the State's interest in determining whether any occupants of the vehicle required aid under these circumstances, we determine that the community caretaking doctrine justified the seizure.

(Anderson, 2015 UT 90, ¶¶ 15, 30, ECF No. 4-1 at 206, 212.)  Mr. Anderson appealed this decision to the United States Supreme Court, which denied certiorari.  Anderson v. Utah, 136 S. Ct. 2029 (2016).

Based on the briefs and filings in the underlying cases, Defendant Garfield County Attorney Huntington prosecuted the district court case, including the suppression hearing, and assisted in the appeal to the Utah Supreme Court.  (See, e.g., Br. of Appellee, ECF No. 4-1 at 77; Aug. 16, 2012 Suppression Hr'g Tr., ECF No. 4-1 at 138.)  Attorney General Reyes and Assistant Attorney Decker represented the State of Utah in the Utah Supreme Court appeal.  (See, e.g., Br. of Appellee, ECF No. 4-1 at 77.)

In the present case, Mr. Anderson asserts claims under 28 U.S.C. § 1983

alleging the State and County Defendants breached his Fourth Amendment rights to privacy and freedom of movement.  (Compl. 1–5, ECF No 4.)  Mr. Anderson also asserts a claim under 28 U.S.C. § 1985, (id. at 1), and appears to seek habeas relief under 28 U.S.C. § 2254.  (Id. at 6 (seeking reversal of conviction); Civil Cover Sheet, ECF No. 4-2 (seeking habeas relief vacating sentence).)

Mr. Anderson asserts that Deputy Houston "act[ed] in accordance with his job representing Garfield County as Deputy Sheriff and breached my 4th Amendment Right to Privacy."  (Compl. 2, ECF No. 4.)  Mr. Anderson further asserts that the documents enclosed with his Complaint explain "how the Deputy Sheriff Houston put me in harms way and caused monetary damages in detaining, illegally searching, seizing my property, and then releasing me without my warm weather clothing in the dead of winter" and "how Deputy Sheriff Houston detained me and seized rental car." (Id. at 3–4.)

Mr. Anderson further alleges Garfield County Attorney Huntington, "act[ed] in accordance with his job representing Garfield County as Prosecutor and continued the damages and breach of my 4th Amendment Right to Privacy."  (Id. at 2.)  Mr. Anderson similarly claims Attorney General Reyes and Assistant Attorney General Decker, "act[ed] in accordance with their job representing the State of Utah as Prosecutors and continued the damages and breach of my 4th Amendment Right to Privacy."  (Id. at 2-3.)  Finally, with respect to Garfield County and the State of Utah, Mr. Anderson alleges that "[b]oth entities acted in breach of my 4th Amendment Right to Privacy and caused me damages within their court systems."  (Id. at 3.)  For relief, Mr. Anderson seeks "[w]aiver of court fees, reversal of unjust conviction and compensation for monetary

damages caused and expenses of defense."  (Id. at 6.)

The State Defendants appeared in this matter, waiving all defects in service, and seeking dismissal of the claims asserted against them on the merits.  (Mot. to Dismiss ii, n.1, ECF No. 10.)  No return of service appears in the record for the County Defendants, and in any event, they have not appeared to defend in this case.

## LEGAL STANDARD

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"  Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013).  "[A] plaintiff must offer specific factual allegations to support each

7

claim." <u>Kan. Penn Gaming, LLC v. Collins</u>, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing

<u>Twombly</u>, 550 U.S. at 555).  A complaint survives only if it "'states a plausible claim for

relief,'" though courts recognize that "[t]he nature and specificity of the allegations

required to state a plausible claim will vary based on context."  <u>Id.</u> at 1214–15 (quoting

<u>Iqbal</u>, 556 U.S. at 679).

Similarly, Rule 4 of the Rules Governing § 2254 Habeas Corpus Cases requires

prompt examination of a habeas petition and dismissal if it "plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district

court."  Rule 4, Rules Governing Section 2254 Cases in the United States District

Courts; <u>see</u> <u>also</u> <u>Clark v. Lane</u>, No. CIV-14-0185-HE, 2014 WL 3548851, at *1 & *4

(W.D. Okla. July 17, 2014) (unpublished) (adopting magistrate judge's recommendation

and dismissing sua sponte pro se plaintiff's hybrid civil rights and habeas corpus action

pursuant to 28 U.S.C. § 1915 and Rule 4 of the Rules Governing § 2254 Habeas

Corpus Cases).

While a court construes the filings of a pro se plaintiff liberally and holds them "to

a less stringent standard than formal pleadings drafted by lawyers," <u>Hall v. Bellmon</u>, 935

F.2d 1106, 1110 (10th Cir. 1991), a pro se plaintiff must "'follow the same rules of

procedure that govern other litigants.'" <u>Garrett v. Selby Connor Maddux & Janer</u>, 425

F.3d 836, 840 (10th Cir. 2005) (quoting <u>Nielsen v. Price</u>, 17 F.3d 1276, 1277 (10th Cir.

1994)).  Thus, a pro se plaintiff still has "'the burden of alleging sufficient facts on which

a recognized legal claim could be based.'"  <u>Jenkins v. Currier</u>, 514 F.3d 1030, 1032

(10th Cir. 2008) (quoting <u>Hall</u>, 935 F.2d at 1110).  While the court must make some

allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion

of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840; see also Whitney v. State of N.M., 113 F.3d 1170, 1175 (10th Cir. 1997) (noting court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

## **DISCUSSION**

### I.  **SECTION 1983 CLAIMS**

"The elements of a section 1983 claim are the deprivation of rights secured by the Constitution or federal law, and action occurring under color of state law." Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir. 1984). "[S]ection 1983 creates a cause of action for violations of constitutional rights; it . . . does not itself grant any substantive rights." Id. (citing Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617–18 (1979) ("[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.")).

Viewing the Complaint's allegations in the light most favorable to Mr. Anderson, the § 1983 claims for monetary damages against the State and County Defendants appear premised on alleged violations of the Fourth Amendment arising out of the December 2011 traffic stop.

### A.  **Heck v. Humphrey Bars Mr. Anderson's § 1983 Claims Against the State and County Defendants**

While not raised in the State Defendants' motion to dismiss, Heck v. Humphrey, 512 U.S. 477 (1994), bars Mr. Anderson's § 1983 claims against the State and County

Defendants as currently pled because they necessarily imply the invalidity of Mr.

Anderson's state court conviction and sentence.

In <u>Heck</u>, the Supreme Court held a plaintiff cannot assert a § 1983 claim for

damages that, if successful, "would necessarily imply the invalidity of [the] conviction or

sentence."  512 U.S. at 486–87.  Specifically, the Supreme Court stated:

> [A] § 1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that relationship to a
> conviction or sentence that has not been so invalidated is not cognizable
> under § 1983.  Thus, when a [plaintiff] seeks damages in a § 1983 suit,
> the district court must consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> (emphasis in original); <u>see</u> <u>also</u> <u>Johnson v. Pottawotomie Tribal Police Dep't</u>, 411 F.

App'x 195, 198 (10th Cir. 2011) (unpublished) ("Under <u>Heck</u>, a plaintiff cannot assert a §

1983 claim that, if successful, would necessarily imply the invalidity of a previous

conviction or sentence, unless the plaintiff can demonstrate favorable termination of the

prior conviction or sentence.").  This rule "applies regardless of whether a plaintiff seeks

damages or declaratory or injunctive relief."  <u>Coleman v. United States Dist. Court of</u>

<u>New Mexico</u>, 678 F. App'x 751, 754 (10th Cir. 2017) (unpublished).

In discussing application of its holding in <u>Heck</u>, the Supreme Court, as an

example, stated that a § 1983 "suit for damages attributable to an allegedly

unreasonable search may lie," and would not necessarily imply invalidity of a plaintiff's

conviction, "even if the challenged search produced evidence that was introduced in a

state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction" because

of doctrines such as "independent source and inevitable discovery" and "harmless error."  512 U.S. at 487 n.7.  This language does not result in "a blanket Fourth Amendment exception to <u>Heck</u>."  <u>Pearson v. Weischedel</u>, 349 F. App'x 343, 348 n.2 (10th Cir. 2009) (unpublished).  Moreover, <u>Heck</u> bars § 1983 claims where the allegedly illegal search produced all of the evidence against the § 1983 plaintiff.  <u>See</u> <u>Trusdale v. Bell</u>, 85 F. App'x 691, 693 (10th Cir. 2003) (unpublished) (finding <u>Heck</u> barred plaintiff's § 1983 claims since an award of "damages in this civil suit would imply the invalidity of his conviction" because "all of the evidence obtained (i.e., the methamphetamine and shotgun), was the result of execution of the allegedly invalid no-knock search warrant"); <u>Miller v. Foster</u>, No. 12-CV-02525-RM-MJW, 2013 WL 7894943, at *2-3 (D. Colo. Nov. 18, 2013) (unpublished), <u>report & recommendation adopted by</u>, 2014 WL 924242 (D. Colo. Mar. 10, 2014) (unpublished) (finding that plaintiff prevailing on his § 1983 claim would necessarily imply the invalidity of his conviction for possession of a controlled substance because "the baggy of crack cocaine was uniquely made available as a result of the alleged illegal search," and the state could not "have convicted him if the search were to have been found illegal"); <u>Beals v. Fields</u>, No. CIV-16-1182-C, 2016 WL 8376570, at *2–*3 (W.D. Okla. Dec. 23, 2016) (unpublished), <u>report & recommendation adopted by</u>, 2017 WL 782927 (W.D. Okla. Feb. 28, 2017) (unpublished) (finding that if the plaintiff prevailed on his § 1983 claim "the outcome would necessarily imply the invalidity of his conviction and sentence because the evidence seized in the search led directly to his conviction, and evidence seized in an illegal search must be suppressed").

In Ballenger v. Owens, the Fourth Circuit explained this principle in alleged illegal search cases as follows:

> [The] hypothesis presented in footnote 7 [of Heck] does not provide a blanket protection for all § 1983 damage suits alleging an unreasonable search.  When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle of Heck would apply, and the § 1983 claim would have to be dismissed; there be no cause of action under § 1983. [] It is only when the suppression of the evidence required by logical application of the § 1983 judgment would not necessarily invalidate the underlying conviction that the § 1983 case can proceed.

352 F.3d 842, 846 (4th Cir. 2003) (emphasis in original) (internal citations omitted); see also Esquibel v. Williamson, 421 F. App'x 813, 817 (10th Cir. 2010) (unpublished) (finding § 1983 "suit is cognizable only when the evidence would have been admissible despite the unlawful search or the conviction would have been obtained without the evidence").

As an initial matter, Mr. Anderson fails to plead any facts showing his conviction or sentence for possessing a controlled substance and drug paraphernalia have been reversed, expunged, declared invalid, or called into question through a writ of habeas corpus.  To the contrary, the record shows that the Utah Supreme Court upheld his conviction, and the United States Supreme Court denied his writ of certiorari.  See State v. Anderson, 2015 UT 90, ¶ 30, 362 P.3d 1232; Anderson v. Utah, 136 S. Ct. 2029 (2016).  Therefore, the Court must consider whether a judgment in Mr. Anderson's favor in this case would necessarily imply the invalidity of his state court conviction and sentence.  The undersigned finds a judgment for Mr. Anderson on his § 1983 claims would necessarily imply the invalidity of his state court conviction and sentence.

Mr. Anderson continues to claim—in his state case, appeals, and this case—that the initial stop of his vehicle by the Garfield County police violated his Fourth Amendment right against unreasonable searches and seizures, and that the district court should have been suppressed the evidence—marijuana and drug paraphernalia— obtained as a result of that stop and not allowed its use against him at trial.  Mr. Anderson filed a motion to suppress the evidence in the district court, which the district court denied.  (Anderson, 2015 UT 90, ¶ 6, ECF No. 4-1 at 203-04; Br. of Appellee, ECF No. 4-1 at 88–90.).  He also appealed the denial of the motion suppress to the Utah Supreme Court, which affirmed the district court's decision.  (Anderson, 2015 UT 90, ¶¶ 7, 30, ECF No. 4-1 at 204, 212.)  Here, Mr. Anderson argues Deputy Houston violated his Fourth Amendment rights during the December 23, 2011 traffic stop, and the other Defendants continued that violation through the prosecution in district court and his subsequent appeal.  (See Compl., ECF No. 4.)  Mr. Anderson seeks damages under § 1983 as a result of these alleged constitutional violations.  (Id. at 6.)

For Mr. Anderson to prevail on his § 1983 claims in this case, the Court would have to find the December 23, 2011 traffic stop violated his Fourth Amendment rights. Such a finding would necessarily imply the invalidity of his conviction and sentence because they were based solely on evidence—marijuana and drug paraphernalia— gathered during that stop, which therefore the district court should have suppressed. Certainly, Garfield County could not have charged or convicted Mr. Anderson of possession of a controlled substance and drug paraphernalia without the evidence obtained during the traffic stop and subsequent search of his vehicle.  Indeed, the police would not have independently or inevitably discovered the marijuana and drug

paraphernalia but for the traffic stop and subsequent search.  And without discovery of the marijuana and drug paraphernalia in his vehicle, Garfield County would not have charged Mr. Anderson with, and convicted him of, possessing a controlled substance and drug paraphernalia.  Because an award of damages to Mr. Anderson under § 1983 in this case would necessarily imply the invalidity of his state court conviction and sentence, Heck bars his § 1983 claims against all State and County Defendants.

Accordingly, the undersigned RECOMMENDS the District Court DISMISS Mr. Anderson's § 1983 claims against the State and County Defendants since Heck bars them unless and until Mr. Anderson's conviction or sentence is invalidated.  Courts must dismiss claims barred by Heck without prejudice.  See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice.").

## B. Sovereign Immunity Bars Mr. Anderson's § 1983 Claim Against the State of Utah

The State Defendants argue Mr. Anderson cannot assert a § 1983 claim against the State of Utah because the Eleventh Amendment gives it immunity from suit.  (Mot. to Dismiss 4, ECF No. 10.)  The Court agrees.

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.  []  A state may, however, waive its immunity." Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth., 577 F.3d 1255, 1258 (10th Cir. 2009) (internal citation omitted); see also Edelman v. Jordan, 415 U.S. 651, 662–63 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state."). "Eleventh Amendment immunity's primary purpose is to accord states the respect owed

them as joint sovereigns," and "applies to any action brought against a state in federal court" and "regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." Edelman v. Jordan, 507 F.3d 1250, 1252 (10th Cir. 2007). Thus, a plaintiff cannot sue Utah in federal court unless Utah voluntarily waives its sovereign immunity. See id. In addition, "a State may have its Eleventh Amendment immunity abrogated by Congress if such abrogation was accomplished pursuant to a valid exercise of power by Congress." Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1195 (10th Cir. 1999). However, "Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." Id. at 1196.

Utah has not waived its Eleventh Amendment immunity to § 1983 claims, Utah Code Ann. § 63G-7-201(4)(b), and consequently, the Eleventh Amendment continues to shield the State of Utah from Mr. Anderson's claims. However, because Eleventh Amendment immunity is jurisdictional in nature, dismissal must be without prejudice. See Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice."). Accordingly, the District Court could also dismiss Mr. Anderson's § 1983 claim against the State of Utah without prejudice on sovereign immunity grounds.

### C. Prosecutorial Immunity Bars the § 1983 Claims Against the Prosecutor Defendants

Mr. Anderson asserts claims against three prosecutors—Garfield County Attorney Huntington, Assistant Attorney General Decker, and Attorney General Reyes (collectively, "Prosecutor Defendants"). With respect to each of the Prosecutor Defendants, Mr. Anderson asserts they "act[ed] in accordance with their job representing the State of Utah" or Garfield County, "continu[ing] the damages and

15

breach of [his] 4th Amendment Right." (Compl. 2–3, ECF No. 4.) The State Defendants argue that prosecutorial immunity bars the claims asserted against Assistant Attorney General Decker and Attorney General Reyes. (Mot. to Dismiss 1–3, ECF No. 10.) The Court agrees, and also finds the claims against Garfield County Attorney Huntington barred for the same reason.

"Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." Mink v. Suthers, 482 F.3d 1244, 1258 (10th Cir. 2007) (citing Imbler v. Pachtman, 424 U.S. 409, 419 n. 13 (1976)). Such immunity shield prosecutors "when serving as an advocate in judicial proceedings." Kalina v. Fletcher, 522 U.S. 118, 125 (1997). Accordingly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate . . . are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). However, prosecutors do not always act in the role of an advocate. See Kalina, 522 U.S. at 126 (finding prosecutors not acting as advocates where they provided legal advice to police officers, held a press conference or allegedly fabricated evidence concerning an unsolved crime). To determine whether a prosecutor is acting as an advocate, a court must "examine 'the nature of the function performed, not the identity of the actor who performed it.'" Kalina, 522 U.S. at 127 (quoting Forrester v. White, 484 U.S. 219, 229 (1988)).

Here, Mr. Anderson alleges the Prosecutor Defendants "act[ed] in accordance with their job" in "representing the State of Utah" and Garfield County in Mr. Anderson's underlying state court case and appeal. (Compl. 2–3, ECF No. 4.) Mr. Anderson does not assert that any of the prosecutors acted outside of their role as advocates in

allegedly violating his constitutional rights or state any facts that would support such allegations.  Instead, the Complaint, as pled, does not escape the prosecutorial immunity bar.  Mr. Anderson's allegations that these prosecutors acted in accordance with their prosecutorial duties do not state a claim under § 1983.  Accordingly, the District Court could also dismiss Mr. Anderson's § 1983 claims against Garfield County Attorney Huntington, Assistant Attorney General Decker, and Attorney General Reyes on the grounds that prosecutorial immunity bars his claims.

The State Defendants also argue that supervisor immunity bars the claims against Attorney General Reyes because he had "no personal role in the conviction or appeal of Mr. Anderson."  (Mot. to Dismiss 1 & 3, ECF No. 10.)  While Attorney General Reyes may have only played a supervisory role in Mr. Anderson's case, this argument cannot prevail on a motion to dismiss because it involves a factual determination concerning the extent of Attorney General Reyes' involvement in the case.  Viewing the allegations in the light most favorable to Mr. Anderson in the context of a motion to dismiss, the Court cannot conclude supervisor immunity bars the claims against Attorney General Reyes.  In addition, the State Defendants argue the Rooker-Feldman doctrine bars "any request for declaratory relief" against Assistant Attorney General Decker.  (Id. at 2, ECF No. 10.)  The Court does not address this argument because Mr. Anderson does not seek declaratory relief.  (See Compl. 6, ECF No. 4 (seeking the following relief:  "Waiver of court fees, reversal of unjust conviction and compensation for monetary damages caused and expense of defense.").)

## II.   SECTION 1985 CLAIMS

Viewing the Complaint in the light most favorable to Mr. Anderson, he also asserts a claim against the State and County Defendants under 42 U.S.C. § 1985. (Compl. 1, ECF No. 4.)  The State Defendants do not address this claim in their Motion, instead interpreting the Complaint as only asserting claims under § 1983.  With respect to Mr. Anderson's § 1985 claims, he does not assert any specific facts or allegations apart from his §1983 claims, so the Court interprets the § 1985 claims as involving the same facts and allegations as the § 1983 claims.

To state § 1985 claim, a plaintiff must allege a <u>conspiracy of two or more persons</u> aimed at either preventing a federal officer from performing his duties (§ 1985(1)); intimidating a party, witness, or juror involved in a case (§ 1985(2)); obstructing justice to deny a person equal protection of the laws (§ 1985(2)), or depriving a person of his rights and privileges to deny him equal protection of the laws (§ 1985(3)).  42 U.S.C. § 1985.  Additionally, for the last two categories, a plaintiff must allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action" to state a cause of action under § 1985.  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971) (relating to § 1985(3)); <u>Smith v. Yellow Freight Sys., Inc.</u>, 536 F.2d 1320, 1323 (10th Cir. 1976) (relating to § 1985(2)).

### A.   <u>Heck v. Humphrey</u> Bars Mr. Anderson's § 1985 Claims Against the State and County Defendants

As addressed above, the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), bars Mr. Anderson's §1983 claims against the State and County Defendants.  (<u>See</u> Section I.A., <u>supra</u>).  The <u>Heck</u> holding extends to § 1985 claims as well.  <u>See</u> <u>Lawson v. Engleman</u>, 67 F. App'x 524, 525–26 & 526 n.1 (10th Cir. 2003)

18

(unpublished) (finding <u>Heck</u> bars claims asserted under §§ 1983 and 1985 and noting that "the holding in <u>Heck</u> has been extended to apply to claims brought pursuant to § 1985."); <u>Amaker v. Weiner</u>, 179 F.3d 48, 52 (2d Cir. 1999) (holding that <u>Heck</u> applied to § 1985 claim).  Accordingly, <u>Heck</u> bars Mr. Anderson's §1985 claims for the same reason it bars his § 1983 claims—if he prevailed on those claims in this forum, the decision would necessarily imply the invalidity of his state court conviction and sentence.

Therefore, the undersigned RECOMMENDS that the District Court DISMISS Mr. Anderson's § 1985 claims against the State and County Defendants without prejudice since <u>Heck</u> bars them unless and until Mr. Anderson's conviction or sentence is invalidated.

## B. Sovereign Immunity Bars Mr. Anderson's § 1985 Claim Against the State of Utah

As with Mr. Anderson's § 1983 claims, sovereign immunity also protects the State of Utah from claims brought under § 1985, given that Utah has not waived such immunity.  <u>See</u> <u>Wagoner Cty. Rural Water Dist. No. 2</u>, 577 F.3d at 1258 (noting Eleventh Amendment Immunity bars suits against the state absent explicit waiver); Utah Code Ann. § 63G-7-201(4)(b).  Therefore, the District Court could also dismiss without prejudice Mr. Anderson's § 1985 claim against the State of Utah on sovereign immunity grounds.

## C. Mr. Anderson Fails to Plead Facts Sufficient to State a § 1985 Claim Against the State and County Defendants

While Mr. Anderson indicated in his Complaint that he brings his claims under § 1985 (Compl. 1, ECF No. 4), he asserts no facts to support such claims.  He does not

allege a conspiracy among any of the State and County Defendants, let alone facts to support the existence of a conspiracy.  See Langley v. Adams Cty., 987 F.2d 1473, 1482 (10th Cir. 1993) (holding plaintiff asserting claims under § 1985 must allege facts to show the existence of an "agreement" and "concerted action among defendants"); Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990) (appendix) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy:  agreement and concerted action."). Furthermore, to the extent Mr. Anderson seeks to assert a claim under § 1985(2) or (3), he fails to allege a discriminatory animus.  Thus, the District Court could also dismiss Mr. Anderson's § 1985 claims against the State and County Defendants for failure to plead any facts in support of these claims.

## III.  SECTION 2254 HABEAS RELIEF

Again, viewing the Complaint in the light most favorable to Mr. Anderson, he appears to assert a claim for habeas relief under 28 U.S.C. § 2254, despite the fact he titles his Complaint "Civil Rights Complaint."  (Compl.1, 6, ECF No. 4.)  "A single complaint may seek relief partly under § 2254 and partly under § 1983."  Richards v. Bellmon, 941 F.2d 1015, 1018 n.3 (10th Cir. 1991).  Specifically, Mr. Anderson seeks "reversal" of his allegedly "unjust conviction."  (Compl. 6, ECF No. 4.)  Further, on the Civil Cover Sheet filed with his Complaint, Mr. Anderson indicates that he seeks habeas relief to vacate his sentence.  (Civil Cover Sheet, ECF No. 4-2.)

Mr. Anderson's request that the Court reverse his conviction is cognizable under the habeas statute, 28 U.S.C. § 2254, not §§ 1983 or 1985.  See Richards, 941 F.2d at 1018 ("[A] challenge to the fact of conviction or confinement, or the duration of

confinement, is cognizable only under the habeas statute . . .") (citing Preiser v.

Rodriguez, 411 U.S. 475, 499–500 (1973)); Baldwin v. Dist. Attorney Tulsa Cty., No. 15-

CV-0224-CVE-TLW, 2015 WL 1962228, at *3 (N.D. Okla. May 1, 2015) (unpublished)

("To the extent that Plaintiff seeks relief from his convictions and the sentences

imposed, including payment of fines and costs, Plaintiff's claims sound in habeas

corpus as a challenge to his convictions and sentences rather in a civil rights action

pursuant to 42 U.S.C. § 1983.").

28 U.S.C. § 2254 provides in pertinent part that "a district court shall entertain an

application for a writ of habeas corpus in behalf of a person in custody pursuant to the

judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The

Supreme Court interprets this language "as requiring that the habeas petitioner be 'in

custody' under the conviction or sentence under attack at the time his petition is filed."

Maleng v. Cook, 490 U.S. 488, 490–91 (1989); see also Kirby v. Janecka, 379 F. App'x

781, 782–83 (10th Cir. 2010) (unpublished) ("Section 2254 authorizes federal courts to

review habeas petitions only if . . . the petitioner raise[s] his claims while he is in custody

. . .").  "The custody requirement of the habeas corpus statute is designed to preserve

the writ of habeas corpus as a remedy for severe restraints on individual liberty."

Hensley v. Mun. Ct., 411 U.S. 345, 351 (1973).  "Section 2254's in-custody requirement

is jurisdictional."  McCormick v. Kline, 572 F.3d 841, 848 (10th Cir. 2009).

Mr. Anderson fails to allege facts showing he is "in custody" as required to seek

habeas relief under § 2254.  The attachments to Mr. Anderson's Complaint indicate the

district court sentenced Mr. Anderson to one year in jail and a fine on each count for

which the jury convicted him, and that the court then entered a stay of imposition of that sentence and placed Mr. Anderson on probation for twenty-four months, imposed a lower fine, and ordered him to serve ten days in the county jail.  (Br. of Appellant, ECF No. 4-1 at 29–30.)  The district court then stayed imposition of his sentence pending his appeal to the Utah Supreme Court, and Mr. Anderson's brief on appeal indicated that he was not incarcerated at the time.  (Id. at 30). The Utah Supreme Court issued its decision in Mr. Anderson's case on October 28, 2015.  (Anderson, 2015 UT 90, ECF No. 4-1 at 202.)

Based on the available facts, when Mr. Anderson began serving his sentence remains unclear, and Mr. Anderson does not indicate in his Complaint whether at the time he filed this case he was incarcerated, on parole, or otherwise in custody for purposes of § 2254.  See, e.g., Calhoun v. Attorney Gen., 745 F.3d 1070, 1073 (10th Cir. 2014) (identifying certain circumstances under which a petitioner may be deemed "in custody").  Because Mr. Anderson has not pled sufficient facts to show that he was in custody at the time he filed his Complaint, he cannot maintain a habeas claim seeking reversal of his conviction.

Furthermore, a petitioner seeking relief under § 2254 must direct the application for a writ of habeas corpus to his or her current custodian.  See, e.g., Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts (stating that habeas action must name as the respondent "the state officer who has custody" of the petitioner); Larson v. State of Kansas, No. 05-3191-GTV, 2005 WL 1124406, at *1 (D. Kan. May 11, 2005) (unpublished) ("The proper respondent in a habeas action is [the petitioner's] current custodian.").  Thus, Mr. Anderson can only direct his request for

reversal of his conviction to his current custodian, if any, not the State and County Defendants named in this action.

Accordingly, the undersigned recommends that the District Court DISMISS without prejudice Mr. Anderson's habeas claim seeking reversal of his conviction.

### RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Court DISMISS without prejudice Mr. Anderson's §§ 1983 and 1985 claims against the State and County Defendants on the grounds that Heck v. Humphrey, 512 U.S. 477 (1994), bars those claims, and dismiss without prejudice Mr. Anderson's habeas claim seeking reversal of his conviction because he has not alleged sufficient facts demonstrating that he is in custody, as required to seek habeas relief under § 2245, and he has not directed the request to his current custodian, if any.  Alternatively, the Court could dismiss Mr. Anderson's §§ 1983 and 1985 claims against the State of Utah on sovereign immunity grounds, his § 1983 claims against Garfield County Attorney Huntington, Assistant Attorney General Decker, and Attorney General Reyes because prosecutorial immunity bars them, and his § 1985 claims against the State and County Defendants on the grounds that he fails to allege facts sufficient to state a claim.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 26th day of February, 2018.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge