IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAMERON ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>ERIC J. HOUSTON, Deputy Sheriff; BARRY L. HUNTINGTON; SEAN D. REYES, Attorney General; MARIAN DECKER, Assistant Attorney General; GARFIELD COUNTY, and STATE OF UTAH<br><br>Defendants. | **AMENDED MEMORANDUM DECISION & ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**<br><br>Case No. 2:16-cv-00924<br><br>Judge Clark Waddoups |

## Background

Mr. Anderson, proceeding in forma pauperis, brought his action under 42 U.S.C. §§ 1983 and 1985 against State and County Defendants. On February 20, 2019, the court entered a Memorandum Decision and Order adopting Magistrate Judge Furse's recommendation as to the State Defendants. This resulted in all claims against the State Defendants being dismissed. (ECF No. 20 at 15.) The court also dismissed the action against the County Defendants for failure of service. (ECF No. 20 at 15.)

## Analysis

The court may, "on its own," correct a mistake found in an order. (*See* Fed. R. Civ. P. 60(a)). The court dismissed Mr. Anderson's claims against the County Defendants for failure of service. (ECF No. 20.) But Mr. Anderson is proceeding in forma pauperis. (*See* ECF No. 3.) "When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (28 U.S.C. § 1915(d)). It was therefore not Mr. Anderson's "responsibility to perfect service in the first

instance." *Id*. at 1205. The court made a mistake when it dismissed the County Defendants for failure of service. The court will grant Mr. Anderson leave to amend his complaint—but only to plead a Fourteenth Amendment claim against the County Defendants. As explained below, regarding all other claims against the County Defendants, the court adopts Magistrate Judge Furse's recommendations.

A.  Mr. Anderson's Section 1983 Claims Against the County Defendants

"Section 1983 itself does not create any substantive rights, but merely provides relief against those who, acting under color of law, violate federal rights created elsewhere." *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1536 (10th Cir. 1995). "That is, § 1983 is a remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1162 n. 9 (10th Cir. 2016). "There can be no 'violation' of § 1983 separate and apart from the underlying constitutional violations." *Id*. (citation omitted).

1.  Alleged Fourth Amendment Violations

In her Report and Recommendation, Judge Furse recommended that the court dismiss without prejudice "Mr. Anderson's § 1983 . . . claims against the . . . County Defendants on the grounds that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars those claims . . . ." (ECF No. 13 at 23.) The court agrees that *Heck* bars Mr. Anderson's Section 1983 claim against the County Defendants—but only his claim based on violations of his Fourth Amendment rights.

2.  Alleged Violations of Mr. Anderson's "Freedom of Movement"

In his Complaint, Mr. Anderson included a second cause of action entitled "Breach of my Freedom of Movement Under United States Law." (ECF No. 4 at 4.) As the court noted in its previous order, "the facts Mr. Anderson described" about being forced to travel in subfreezing

temperature to retrieve items from his rental car "could possibly be characterized as a Fourteenth Amendment due process violation." (*See* ECF No. 20 at 14.) "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court does not believe it would be futile to give Mr. Anderson an opportunity to amend his complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleadings" with "the court's leave." The court grants Mr. Anderson leave to amend his complaint in order plead a § 1983 claim against the County Defendants for violations of his Fourteenth Amendment due process rights. If Mr. Anderson chooses to submit an Amended Complaint, it must be submitted to the court within 30 days of entry of this order, otherwise the case will be dismissed without prejudice.

B. Mr. Anderson's Section 1985 Claims Against the County Defendants

The court agrees with Magistrate Judge Furse that *Heck* bars Mr. Anderson's Section 1985 claims against the County Defendants based on violations of his Fourth Amendment rights. Magistrate Judge Furse also stated that "the District Court could . . . dismiss Mr. Anderson's § 1985 claims against the  . . . County Defendants for failure to plead any facts in support of [those] claims." (ECF No. 13 at 20.) Magistrate Judge Furse also noted that Mr. Anderson did "not allege a conspiracy among any of the . . . County Defendants, let alone facts to support the existence of a conspiracy." (ECF No. 13 at 20.) Magistrate Judge Furse also noted that Mr. Anderson "fail[ed] to allege a discriminatory animus." (ECF No. 13 at 20.) The court agrees with

Judge Furse's recommendation and DISMISSES Mr. Anderson's § 1985 claims against the County Defendants.

C.  Section 2254 Habeas Relief

Magistrate Judge Furse noted that Mr. Anderson "appear[ed] to assert a claim for habeas relief under 28 U.S.C. § 2254 . . . ." (ECF No. 13 at 20.) Magistrate Judge Furse further noted that Mr. Anderson "fail[ed] to allege facts showing he is 'in custody' as required to seek habeas relief under § 2254." (ECF No. 13 at 21.) The court agrees that because Mr. Anderson did not allege facts demonstrating that he was in custody, his claim for habeas relief must be dismissed. Mr. Anderson's claim for § 2254 relief against the County Defendants is DISMISSED without prejudice.

Conclusion

The court orders as follows:

I.  For the reasons stated in the court's previous order, (ECF No. 20) all claims against the State Defendants are DISMISSED without prejudice.

II.  Mr. Anderson's claim for Section 2254 relief against the County Defendants is DISMISSED without prejudice.

III. Mr. Anderson's Section 1985 claim against the County Defendants is DISMISSED without prejudice.

IV. Mr. Anderson's Section 1983 claim against the County Defendants for violations of his Fourth Amendment rights is DISMISSED without prejudice.

V.  The court grants Mr. Anderson leave to amend his complaint in order to plead a Section 1983 claim against the County Defendants for violations of his Fourteenth

Amendment due process rights. If Mr. Anderson chooses to submit an Amended Complaint, it must be submitted to the court within 30 days of entry of this order, otherwise the case will be dismissed without prejudice. If the Amended Complaint (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief, the court will be required to dismiss it. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). If after reviewing the Amended Complaint the court determines that it is not required to dismiss it, the court will order that service be made by the United States marshal.

    a. If Mr. Anderson files an Amended Complaint within 30 days of entry of this order, the court will instruct the clerk of court to reopen this case.

VI. The court's order denying Mr. Anderson's request for an attorney remains in place.

VII. The court's order denying Mr. Anderson's Motion for Summary Judgment remains in place. The court agrees with the State Defendants that the Motion was procedurally flawed.

DATED this 13th day of February, 2019

BY THE COURT:

Clark Waddoups
United States District Judge